Arthur F. Masters and Eva D. Masters v. Commissioner.
Masters v. Commissioner
Docket No. 1115-69-SC.
United States Tax Court
T.C. Memo 1971-25; 1971 Tax Ct. Memo LEXIS 307; 30 T.C.M. (CCH) 113; T.C.M. (RIA) 71025; February 2, 1971, Filed Arthur F. Masters, pro se, 114 Jupiter, Apt. 204, Garland, Tex. W. John Howard, Jr.,. , for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for the year 1967 in the amount of $687.84. The issue is whether petitioners are entitled to a casualty loss deduction in 1967 within the meaning of section 165(c)(3) of the Internal Revenue Code of 1954[1] in excess of the amount allowed by the respondent. Findings of Fact Some of the facts were stipulated and they are *308 so found. Arthur F. Masters and Eva D. Masters, husband and wife, were residents of Garland, Texas, at the time the petition herein was filed. They filed a joint income tax return for the year 1967 with the district director of internal revenue at Dallas, Texas. Arthur F. Masters will hereinafter be called the petitioner. On November 22, 1967, the petitioner's mobile home and its contents were destroyed by fire. Petitioner and his wife had just moved into the mobile home and, at the time of the fire, some of their belongings were still unpacked. Some of their belongings had just been purchased and were still new. Through insurance coverage, the petitioner and his wife were compensated for the loss of their mobile home to the extent of $4,600. They have received no insurance compensation for the loss of the contents of the mobile home. Petitioner instituted an action (Cause No. 6028) in the District Court of Rockwall County, Texas, 86th Judicial District against Bollinger Mobile Homes, Inc., Divco-Wayne Industries, Inc. and International Oil Burner Company for a recovery of the loss of the mobile home and its contents in the fire. The action in the State Court was still pending *309 at the date of the trial of this case in the Tax Court. On his Federal income tax return for 1967, the petitioner claimed a casualty loss deduction for the loss of his mobile home in the amount of $795. The amount represented the difference between the fair market value of the mobile home in the amount of $5,395 and the insurance reimbursement of $4,600. Petitioner also claimed a casualty loss for the contents of the mobile home destroyed by fire in the amount of $6,048. Respondent allowed the casualty loss deduction of $795 claimed by petitioner as the unreimbursed loss incurred by him in connection with the destruction of his mobile home. However, respondent only allowed a casualty loss of $1,860 as to the contents of the mobile home and disallowed the balance of the casualty loss ($4,188) claimed by petitioner. Opinion The issue before us is whether petitioner is entitled to a casualty loss deduction in 114 1967 due to destruction by fire of the contents of his mobile home. Respondent has allowed the portion of the loss claimed by petitioner in connection with the destruction of the mobile home which was not compensated for by insurance. We are concerned here only with *310 the disallowed portion of the casualty loss claimed by petitioner in connection with the destruction by fire of the contents of the mobile home. Subsection 165(c)(3) specifically allows a deduction to an individual for losses of property not connected with a trade or business "if such losses arise from fire, storm, shipwreck, or other casualty, * * *." Subsection 165(a), however, limits the allowable deduction under section 165 to "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In determining whether a loss was in fact sustained in a particular year, we must consider the prospect of recovery by the petitioner in a subsequent year. If there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss is sustained until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Section 1.165-1(d)(2)(i), Income Tax Regulations; see also Louis Gale, 41 T.C. 269 (1963). Normally, where the taxpayer has in good faith filed an action for damages or for losses incurred, there is usually a reasonable prospect of recovery, and *311 no loss is allowable as long as the suit is pending. Petitioner testified that at the time of this trial he had an action pending in the State Court against three corporations in connection with the fire losses. He testified that he was suing for the same amount that he had claimed as a casualty loss on his Federal income tax return for 1967. It is apparent, therefore, that the extent of petitioner's loss, if any, cannot be measured with reasonable certainty until the State Court action is concluded. We must conclude that petitioner is not entitled to a casualty loss in 1967 in excess of the amount allowed by the respondent. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩